UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

v.                                     Case No.:  2:25-cr-227-KCD-NPM

YANICEL CRUZ-PILOTO,

    Defendant,
_____/

## **ORDER**

Defendant Yanicel Cruz-Piloto has requested that this Court proceed directly to sentencing without the benefit of a presentence investigation report. (Doc. 63.) She argues that the record is already sufficient: the facts regarding her use of counterfeit currency are stipulated, she has no prior criminal history, and she is subject to an immigration hold that will likely result in her removal from the United States. The Government does not oppose the request.

But the Federal Rules of Criminal Procedure establish a presumption in favor of a report for a reason. Under Rule 32(c)(1)(A)(ii), a court may dispense with the investigation only if it finds that the information currently in the record is sufficient to enable the "meaningful exercise" of its sentencing authority. That is a significant requirement, and in this case, the Court is not convinced it has been met.

To be sure, Defendant presents a straightforward Guidelines calculation, suggesting she is a "Zero-Point Offender" with a Total Offense Level of 4. (Doc. 63 at 4.) She also notes that her pending deportation renders the term of supervised release largely administrative. Yet the value of a presentence report lies in its independence. While the parties may agree on the facts—such as the underlying fraudulent transactions—the Probation Office provides a necessary neutral verification of a defendant's background, financial status, and criminal history. This is particularly relevant when applying adjustments like the Zero-Point Offender reduction, which requires a precise confirmation of the defendant's history. Furthermore, given Defendant's assertions regarding her immigration status and voluntary departure agreement, an independent review of the immigration record will aid the Court in crafting a sentence that accurately reflects the realities of her situation.

Convenience and efficiency are important, but they cannot override the Court's need for a complete picture. The information a presentence investigation will yield is useful—and indeed necessary—to fully evaluate the factors under 18 U.S.C. § 3553(a). Accordingly, the Defendant's Unopposed Motion to Waive Presentence Investigation (Doc. 63) is **DENIED**. The United States Probation Office is directed to prepare a presentence investigation report.

**ORDERED** in Fort Myers, Florida on January 14, 2026.

Kyle C. Dudek
United States District Judge